# N. C. FLYGARE, RESPONDENT, v. THOMAS MALONEY, APPELLANT.

JUSTICE OF THE PEACE. — JURISDICTION. — PRACTICE. — COUNTER-CLAIM.—DISMISSAL.—In an action before a justice of the peace to recover possession from a tenant at will, who has been given notice to quit, a verified answer alleging that defendant was in under a verbal lease for more than a year, but that he had made lasting improvements expecting to hold possession until a certain time and praying affirmative relief, and that the action be certified by the justice to the district court, does not constitute a counter-claim or entitle him to affirmative relief, and hence the order of the justice dismissing the action at the motion of the plaintiff before the trial, was proper under the provisions of 2 Comp. Laws 1888, § 3348, Subd. 1, and upon an appeal to the district court, the order of the district court dismissing the cause and entering judgment, is not erroneous.

(No. 68.   Decided April 12, 1890.   23 P. R. 879.)

APPEAL from the District Court of the Fourth Judicial District.   Hon. H. P. Henderson, *Judge.*

An action begun in the court of a justice of the peace by N. C. Flygare against Thomas Maloney in unlawful detainer to recover possession of certain premises.   Defendant filed his verified answer setting up an alleged affirmative defense, and that the action involved title to real estate, and moved the justice to certify the cause to the district court.   Before trial, the justice of the peace, on motion of the plaintiff, dismissed the action.   Defendant appealed to the district court, and from the order and judgment of that court dismissing the action, he appeals. *Affirmed.*

32

[It appears that this decision has never been reported in the Utah Reports, and as it contains an important principal bearing on practice before justices of the peace, it is here reported by request.—REP.]

*Mr. John N. Perkins* and *Mr. Achilles Perrin,* for appellant.

The question of title and the right of possession of real property being in issue under a verified answer, it is the duty of the justice to certify the cause to the district court. "No justice of the peace in any territory shall have jurisdiction of any case in which the title to land or the boundary thereof in any wise comes in question." Rev. Stat. U. S. p. 331, § 1867; 1 Comp. Laws 1888, p. 57, § 1867; Organic Act, 1 Comp. Laws 1888, p. 44.

"If it appear from the answer of the defendant that the determination of the action will necessarily involve the question of title or possession to real property, the justice must suspend all further proceedings in the action and certify the same from his docket to the clerk of the district court in which said justice's precinct is situated." 2 Comp. Laws 1888, p. 341, § 3543; *Doherty* v. *Thayer,* 31 Cal. 140; *Duchenau* v. *House,* 10 Pac. 838; *Langford* v. *Monteith,* 102 U. S. 145. The very moment the sworn answer was filed in the justice's court raising and putting in issue the question of title or possession of realty the justice lost jurisdiction, and under the statute above cited all the justice could do was to certify the cause to the clerk of the district court. He could not entertain any motion from either party. *People* v. *Mier,* 24 Cal. 61–72; *Monterey County* v. *Abbott,* 13 Pac. Rep. 113. "Where any equitable defense or ground for equitable relief, of a nature not cognizable before a justice of the peace is inter-

posed, the cause should at once be certified to the district court." *Steele* v. *Bond,* 28 Minn. 275; *Ferguson* v. *Kumler,* 25 Minn, 183; *Goenevn* v. *Schouler,* 8 Minn. 344 (Gil. 387); *Merrian* v. *Baker,* 9 Minn. 28 (Gil. 40.)

It was the clear intent of congress and the legislature as shown in the statutes above quoted to give exclusive jurisdiction to the district courts in all cases where the right to the possession of real property is involved. *Pollock* v. *Cummings,* 38 Cal. 683; *Cornett* v. *Bishop,* 39 Cal. 319. "Although it" (new matter alleged in the answer) "may make a complete defense to plaintiff's cause of action, if it is also of such a nature that entitles defendant to affirmative relief, so that he might have brought an action on it, such relief may be asked for in the answer." *Eastman* v. *Linn,* 20 Minn. 433; *Griffin* v. *Jorgenson,* 22 Minn. 95. "The answer does not call the new matter a counter-claim nor is it necessary that it should. It is enough if it appears that it is set up for that purpose, and this appears as well by the prayer for affirmative relief upon it as it would by expressly designating it a counter-claim. The plaintiff could not dismiss the action and their notice filed with the clerk was of no effect." *Griffin* v. *Jorgenson, supra.* "Notice of motion to dismiss an action forms no part of the record upon an appeal from the judgment of dismissal." *Bacon* v. *Robson,* 53 Cal. 399. The effect of the order of the district court was to remand the cause to the justice to be there dismissed. This was erroneous. The order should have instructed the justice to certify the cause up to the district court to the end that the issues as to possession, right of possession, etc., should be tried in that court. *Langford* v. *Monteith, supra,* 147; *Aiken* v. *Aiken,* 6 Pac. Rep. 682.

*Messrs. Richards & Rolapp,* for respondent.

"Judgment that the action be dismissed without prejudice to a new action, may be entered with costs, in the following cases: When the plaintiff voluntarily dismisses the action before it is finally submitted." 2 Comp. Laws, § 3595. "An action may be dismissed, or a judgment of non-suit entered in the following cases: By the plaintiff himself at any time before trial upon the payment of costs, if a counter-claim has not been made, or affirmative relief sought by the cross complaint or answer of the defendant. 2 Comp. Laws, § 3343. The affirmative relief asked for in the answer is a certificate of the proceedings of the district court, and from the statement contained in the answer, it is clear, even if it had alleged facts sufficient to constitute a cause of action, the only relief that could have been given would have been an order for specific performance, which of course, the justice's court could not grant, nor could the district court have granted such relief upon appeal, as none but the issues framed in the lower court being triable upon appeal. *S. P. R. R. Co.* v. *Superior Court,* 59 Cal. 471; *Myrick* v. *Superior Court,* 68 Cal. 98. But the answer does not contain a counter-claim or cross complaint. An answer expressly pleading facts as a "defense" and concluding with a prayer for affirmative relief, does not constitute a counter claim. *Resch* v. *Senn,* 31 Wis. 138; *Gaff* v. *Greer,* 88 Ind. 122.

And it is held that a single pleading cannot be made to perform the double function of a defense and counterclaim. *Campbell* v. *Routt,* 42 Ind. 410; *Blakely* v. *Boruff,* 71 Ind. 93. "An answer which assumes to set up a counter-claim, or a cause of action for affirmative relief, must state all the facts necessary to constitute such counter-claim or affirmative relief, as fully and specifically as if the defendant was filing a complaint or petition in an original action." *Vassear* v. *Livingston,* 13 N. Y. 248; *Wright* v. *Bachellor,*

16 Kan. 259; *Belleau* v. *Thompson*, 33 Cal. 495. "A cross complaint or counter-claim in order to be available, must be one existing in favor of a defendant and against a plaintiff between whom several judgments might be had in an action." 2 Comp. Laws, §§ 3227, 3231; *Briggs* v. *Seymour*, 17 Wis. 255; *King* v. *Wise*, 43 Cal. 628. But in this class of cases a counter-claim is not admissible at all. *Warburton* v. *Dobble*, 38 Cal. 619; *Kelly* v. *Teagur*, 63 Cal. 68.

The defendant further contends that his verified answer filed in the justice's court raised the question of title to real estate, and therefore deprived that court of all jurisdiction to take any step whatever, except to certify the proceedings to the district court, and in support of that position, cites *Duchenau* v. *House*, (10 Pac. 838) and *Langford* v. *Monteith*, 102 U. S. 145, but in both of these cases it is expressly decided that the trial and judgment was the error, and that after such trial in the justices court, the district court would be compelled to dismiss an appeal from such trial; and we apprehend that the defendant could not complain of the plaintiff himself having dismissed the action, when such question is raised and before trial. But we contend that the denial of the plaintiffs title raised an immaterial issue. *Warburton* v. *Dobble*; 38 Cal. 619; *Chiradelli* v. *Green*, 56 Cal. 629.

In this class of cases, the title of the landlord or his successor in estate cannot be inquired into. *Felton* v. *Millard*, 21 Pac. 533; *Mason* v. *Wolff*, 40 Cal. 250; *Fish* v. *Beuson*, 71 Cal. 447; *Thompson* v. *Sornborger*, 59 Ill. 326; *Mitchell* v. *Davis*, 23 Cal. 381; Freeman on Judgments, § 302. As to appellants' second point, we only desire to say thrt the appellant brought the entire transcript to this court, and that it discloses full power in the justice to dismiss the action. *Hancock Ditch Co.* v. *Bradford*, 13 Cal. 637. But at all events an appeal from an order denying a motion to retax costs must be supported

by a bill of exceptions on appeal, for the memorandum of costs is no part of the judgment roll. *Kelly* v. *McKibbin,* 54 Cal. 194. "Appellate court cannot reverse the order retaxing costs, if there is nothing in the record except the memorandum of costs and the motion to retax." *Evans* v. *Jacobs,* 59 Cal. 629.

ZANE, C. J.:

The plaintiff instituted this action on the 15th day of July, 1889, by filing a complaint with a justice of the peace, and alleged, with other facts, that he was the owner of the room described, and entitled to its possession; that the tenancy was at will; that he had terminated it by notice to quit served one month before the first day of the month in which he instituted his suit; and that the defendant unlawfully detained possession. To this complaint the defendant filed his answer, in which he admitted that the lease was verbal, and for a longer time than one year, but denied the other allegations of the complaint; and as a further and second defense, the defendant alleged that he went into possession on the 1st day of July, 1888, under a verbal lease, and made valuable and ·lasting improvements on the room, with the expectation that he was to hold possession of it until February, 1891, and he also prayed for affirmative relief, and for a removal of the case to the district court. The question of removal was argued and submitted, but, before decision, plaintiff stated to the court that he would abandon its prosecution, and entered a motion to dismiss; and the justice, without the consent of the defendant, allowed the motion and ordered its dismissal. From this order, the defendant appealed to the district court; and, on motion of the plaintiff, that court, the defendant objecting, dismissed that appeal. From the order the defendant appealed to this court, and assigns the granting thereof as error.

The statute provides that an order of dismissal may be entered in a justice court when the plaintiff voluntarily dismisses the action before it is finally submitted (Comp. Laws Utah 1888, § 3595) and division 1, section 3343, Id., provides that an action may be dismissed by the plaintiff at any time before trial upon the payment of costs, if a counter-claim has not been made, or affirmative relief sought by the cross complaint or answer of the defendant. The facts stated in the answer are not sufficient to constitute a counter-claim, or to entitle the appellant to affirmative relief. It follows that the order of the justice dismissing the suit was correct, and that the judgment of the district court appealed from was not erroneous.

Judgment affirmed.

ANDERSON and BLACKBURN, JJ., concur.